**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**
        Plaintiff,

    v.                                      Case No. 05-CR-213

**MARSHALL NOEL**
        Defendant.

---

### SENTENCING MEMORANDUM

Defendant Marshall Noel pleaded guilty to conspiracy to distribute five grams or more of cocaine base. The probation office prepared a pre-sentence report ("PSR"), which calculated defendant's offense level as 29 (base level 32, U.S.S.G. § 2D1.1(c)(4), minus 3 for acceptance of responsibility, § 3E1.1), and his criminal history category as IV, producing an imprisonment range of 121-151 months under the sentencing guidelines. Upon review of the PSR, I advised the parties that I believed the prior offense listed in ¶ 46 was too old to score criminal history points under § 4A1.2(d). The parties agreed.

Under § 4A1.2(d), offenses committed prior to age 18, whether prosecuted in adult or juvenile court, count only under certain conditions. As was relevant here, § 4A1.2(d)(2) provides that 2 points are added for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense. The offense listed in ¶ 46, which defendant committed at age 17, initially carried a sentence of six months jail imposed and stayed for two years probation. On August 11, 1997, defendant was revoked and served the six months. He was released from that sentence in early 1998. The instant offense

commenced in June 2004, more than five years later. Therefore, the offense did not count, leaving defendant with 6 criminal history points and a criminal history category of III. I adopted the rest of the PSR's guideline calculations and proceeded to impose sentence.

In imposing sentence, I considered the factors set forth in 18 U.S.C. § 3553(a), which include:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed–

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)    the kinds of sentences available;

    (4)    the advisory guideline range;

    (5)    any pertinent policy statements issued by the Sentencing Commission;

    (6)    the need to avoid unwarranted sentence disparities; and

    (7)    the need to provide restitution to any victims of the offense.

My job, after considering these factors, was to impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in sub-section (a)(2).

As to the nature of the offense, defendant was involved in a crack cocaine conspiracy from June 2004 to March 2005. The total amount involved was about 100

2

grams. There was no indication of weapon possession or violence, so the offense was not aggravated in that sense.

As to the character and background of the defendant, he was 27 years old with a prior record for drug possession, escape, obstructing an officer and battery, and juvenile adjudications for armed robbery and trespass to dwelling. Defendant's childhood was dysfunctional, with his mother not being around for extended periods of time, and he was essentially brought up around and by drug dealers in his neighborhood. He developed a substance abuse problem, using marijuana, cocaine and ecstacy. Defendant had three children with three different women and appeared to have no contact with them.

On the positive side, defendant, a high school drop out, recently made efforts to get his GED. Also to his credit, he stopped using drugs and all of his tests on pre-trial release were negative. He performed well on pre-trial supervision and made an effort to cooperate with the government in this case, debriefing several times.

Defendant suffered from serious medical problems, most prominently a congenital heart condition. I received a letter and medical records from defendant's cardiologist, which indicated that he underwent multiple heart surgeries as a child, continued to experience significant cardiac abnormalities as an adult, and required constant care and monitoring on his medication regimen. In addition to the heart condition, defendant had been shot in the neck at age 20 and stabbed in the back in December 2005. His doctor recommended that he be placed at a medical facility.

Finally, in considering defendant's correctional needs and the needs of the public, I concluded that given his record there was some risk of recidivism. There was also a need for a substantial period of confinement to provide just punishment and deter others.

Defendant had a history of drug abuse, and he needed to further his education, however, given the other purposes of sentencing, those needs had to be met initially through recommendations to the Bureau of Prison ("BOP") and later as conditions of supervised release. There was no restitution due.

The guidelines called for a term of 108-135 months. I concluded that a sentence within the range was somewhat greater than necessary to satisfy the purposes of sentencing. First, the guidelines did not account for defendant's significant health problems, which would likely make incarceration more onerous than for a typical defendant. Second, the guidelines did not account for defendant's recent efforts to improve himself, working on his GED, stopping drug use, attempting to cooperate with the government and performing well on pre-trial release. I considered these factors under § 3553(a)(1). Finally, I noted that I had previously sentenced similarly situated co-defendants in this case – Corey Hudson, Patrick Alexander and Robert Chambers – to 84 months imprisonment. Defendant committed virtually the same crime as these three co-defendants, their backgrounds and records were quite similar, and all pled guilty. I considered their sentences under § 3553(a)(6). Given all these factors, I imposed a sentence about 2 levels below the advisory range.

Therefore, I committed defendant to the custody of the Bureau of Prisons for 84 months. I recommended that he be placed at a BOP medical facility, and that he participate in any drug treatment programs, including the 500 hour program, and educational programs available. Upon release, I placed him on supervision for four years,

on the conditions that he participate in a drug aftercare program, get his GED or HSED, keep up with his child support obligations, and complete the cognitive intervention program. Other conditions appear in the judgment.

    Dated at Milwaukee, Wisconsin, this 12th day of May, 2006.

                                   /s Lynn Adelman
                                   _____
                                   LYNN ADELMAN
                                   District Judge